# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM LYON HOMES, INC., a
California corporation fka PRESLEY
HOMES,

     Plaintiffs,

v.

CHARLES LESLIE PARTINGTON,
d/b/a M.C. MOJAVE CONSTRUCTION,
et al.,

     Defendants.

Case No. 2:09-CV-0473-KJD-GWF

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss (#10).  The Court has also received and considered Plaintiffs' Opposition (#13) and the Reply (#14).  Defendants seek dismissal of Plaintiffs' causes of action for Champerty and Maintenance and violation of Nevada's Deceptive Trade Practices Act.

## FACTUAL BACKGROUND

This case arises out of the offer of Defendant M.C. Mojave (formerly CDS) to provide home inspections to homeowners in developments built by Plaintiff William Lyon Homes, Inc.  The inspection is to check for building code violations and provide reports.  With the reports, the homeowners may obtain legal counsel and/or file a Nevada Revised Statutes Chapter 40 Notice against the homebuilder requesting repair.  If homeowners are successful in obtaining recovery from the builder, Defendants are to be paid for inspection services from the proceeds obtained from the builder.

## CHAMPERTY AND MAINTENANCE

Plaintiffs contend that the homeowner's action of initiating a claim makes possible the recovery by Defendants of fees in mediation of the demand or subsequent suit.  Accordingly, Defendants' payment is contingent on recovery by the homeowner.  According to Plaintiffs, this arrangement constitutes the tort of Champerty and Maintenance.

Champerty and Maintenance are legal concepts that are rarely asserted in modern legal practice.  Black's Law Dictionary, Ninth Edition defines champerty as:

> 1)    An agreement between an officious intermeddler in a lawsuit and an litigant by which the intermeddler helps pursue the litigant's claim as consideration for receiving part of any judgment proceeds; Specif., an agreement to divide litigation proceeds between the owner of the litigated claim and a party unrelated to the lawsuit who supports or helps enforce the claim.

However, courts have almost unanimously recognized that an agreement by which the attorney is to receive a contingent fee, i.e., a certain part of the avails of a suit or an amount fixed with reference to the amount recovered to be valid as long as the attorney does not agree to pay the expenses and costs of the action.  (Black's citing Walter Wheeler Cook, "quasi-contracts" in 1 American Law & Procedure, 129 (1952).)

In modern practice, arrangements by which doctors and other providers are to be paid through medical and other liens, is considered unobjectionable.  In Nevada, a construction defect claimant may recover the costs of any experts retained to ascertain the nature and extent of the constructional defects, evaluate appropriate corrective measures and estimate the value of loss of use and reduction of market value of the residence.  (N.R.S. 40.655).

There is no Nevada statute on champerty and maintenance. While there are reported cases recognizing the concept as an affirmative defense to claims of breach for breach of contract, there are no reported cases supporting application to tort claims or other affirmative relief as presently sought by Plaintiffs.

In the instant action, there has been no allegation or showing that Defendants purchased an interest in any lawsuit, that there is actual litigation occurring as a result of one of the reports, that

1   Defendants have funded a lawsuit, or received proceeds from a lawsuit.  Moreover, Defendants'

2   activities are commercial speech protected under the First Amendment to the U.S. Constitution.

3   Accordingly, Defendants' Motion to Dismiss Plaintiffs' claims for Champerty and Maintenance

4   should be granted.

5                          **NEVADA DECEPTIVE TRADE PRACTICES ACT**

6          Plaintiffs assert that Defendants were not properly licensed to prepare or communicate

7   inspection reports under N.R.S. 645.B.080 without the state licences required by N.R.S. 598.0923.

8   Even if the Court assumes for purposes of present discussion that a license is required under N.R.S.

9   645B.080 for the subject inspection and report, Plaintiff, as a private party, would not have standing

10  to enforce the Act or exert a private right of action for such violation.  While victims of consumer

11  fraud may bring civil action under N.R.S. 41.600, the homeowner would be the victim of any

12  consumer fraud under Nevada's Deceptive Trade Practices Act for performance of services without

13  being properly licensed.  The Court is not persuaded that Plaintiff has the right to insert itself into a

14  transaction between Defendants and the homeowners for purposes of consumer fraud or that Plaintiffs

15  are victims within the meaning of N.R.S. 41.600.

16         Accordingly, Plaintiffs' claim for violation of Nevada Deceptive Trade Practices Act must

17  fail.

18                                      **CONCLUSION**

19         The Motion of Defendants to Dismiss (#10) is **GRANTED**, in part.

20         IT IS ORDERED that Plaintiffs' claims for Champerty and Maintenance and violation of

21  Nevada's Deceptive Trade Practices Act are **DISMISSED** for failure to state a claim upon which

22  relief can be granted.

23         DATED this 30th day of March, 2010.

24

25                                                  _____

26                                                  United States District Judge
                                                    Kent J. Dawson